No. 06-6403

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: JACKIE LYNN REYES, also known as )
Jaclyn Houston, )
          )
      Petitioner. )
          )
          )
          )

O R D E R

3:06 CV425

**FILED**

DEC - 5 2006

LEONARD GREEN, Clerk

Before: KENNEDY, COLE, and COOK, Circuit Judges.

The petitioner is a *pro se* litigant whose Chapter 13 petition was dismissed by the bankruptcy

court for failure of the petitioner to comply with the pre-petition credit counseling requirements of

11 U.S.C. § 109(h). Various post-dismissal motions, including a motion to stay the bankruptcy court

proceedings, were also denied. The petitioner did not perfect an appeal from these orders. Instead,

she has submitted to this court a petition for a writ of mandamus in which she asks this court (1) to

stay all bankruptcy proceedings, (2) to strike certain entries from the bankruptcy court docket sheet

as being filed in violation of such stay, and (3) to remove the bankruptcy judge from the case.

In February 2006, the petitioner filed a *pro se* Chapter 7 petition in the United States

Bankruptcy Court for the Southern District of Mississippi. That petition was dismissed on the

petitioner's motion in April 2006. Three months later, using a "temporary" Tennessee address, she

filed a *pro se* Chapter 13 petition in the United States Bankruptcy Court for the Eastern District of

Tennessee. As noted above, that petition was dismissed for failure of the petitioner to show she had

received pre-petition credit counseling or that she was exempt from that requirement. Although she

later sought an extension of time in which to file an appeal from that dismissal (and certain other

post-dismissal orders), the bankruptcy court held that the application for an extension was not timely filed and that the petitioner had not shown excusable neglect for such tardiness.

The "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought." *In re American President Lines, Ltd.*, 929 F.2d 226, 227 (6th Cir. 1991) (order). Mandamus is available only where other remedies cannot be used. *In re Ford*, 987 F.2d 334, 341 (6th Cir.), *cert. denied*, 506 U.S. 862 (1992). It cannot be used, for example, as a substitute for available appeals. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 8 n.6 (1983); *In re Chimenti*, 79 F.3d 534, 538 (6th Cir. 1996); *City of Cleveland v. Krupansky*, 619 F.2d 572, 575 (6th Cir.) (per curiam), *cert. denied*, 449 U.S. 834 (1980).

In this case, the petitioner had an opportunity to seek review of the bankruptcy court's orders by filing a timely notice of appeal to the district court. Having failed to avail herself of that opportunity, she cannot now seek to avoid the consequences of that failure by seeking direct appellate review by this court.

It therefore is **ORDERED** that the petition for a writ of mandamus is dismissed.

ENTERED BY ORDER OF THE COURT

*Leonard Green, jr.*
Clerk